## GRAND TRUNK RY. CO. v. CENTRAL VT. R. CO.

(Circuit Court, D. Vermont. July 15, 1898.)

RAILROADS—RECEIVERSHIP—OPERATING EXPENSES.

Cars furnished to a railroad by other roads in the course of business are materials furnished for the operation of the road, and claims for their loss when destroyed and not returned are properly payable by receivers under an order for the payment of claims for expenses of operation.

Henry G. Newton, for claimants.
Charles M. Wilds, for Grand Trunk Ry. Co.
Elmer P. Howe, for American Loan & Trust Co.

WHEELER, District Judge. This cause has now been heard upon the objections of the American Loan & Trust Company, trustee in the mortgages, to specific six months' claims for materials and supplies shown by the report of the receivers in classification. The first of these objections is to "all claims for supplies furnished prior to September 20, 1895." The second and third are waived. The fourth is to a specific list, by name of claimant, number of voucher, and amount, referring to Schedule No. 1, A, filed as a part of the report March 8, 1898, the most numerous and important of which are claims for cars destroyed, belonging to other roads and companies, in the operation of these roads during the six months in question. Upon the appointment of the receivers, March 20, 1896, they were directed to:

"Third. Pay all just claims and accounts for labor, supplies, professional services, salaries of officers and employés, remaining unpaid, and that have been earned or have matured within six months prior to this order. Fourth. All loss and damage claims arising from the operation of said property as in their judgment, on examination, are proper to be paid, as expenses of operation."

This order is the basis of all others upon this subject; and it has not been changed or modified in any manner, except that payment under it was, on motion of this mortgage trustee, restrained by the order of May 29, 1896, until a detailed and classified statement should be filed by the receivers, and further order of the court. All subsequent orders have been in modification of, and operative only upon, this restraining order. A list of the claims on that schedule (No. 1, A) that accrued prior to September 20, 1895, and matured subsequently, was filed by the receivers July 5, 1898, by order of court, as an addition to their former report. In decisions and orders subsequent to May 29, 1896, the expression, "furnished within six months" prior to the receivership, and perhaps others similar, have been used, without carrying out the full expression, "or have matured within six months," of the original order, for brevity, and without any intention of affecting in any way the scope of that order. This hearing has been had upon continuation of a motion to modify the restraining order, and the modification should be adapted to fit, and not to narrow, the descriptions of claims in the original order, which are not now, and have not been since it was made, the subjects of consideration. The six months was fixed upon as a time that would probably fairly cover claims for current operating expenses for keeping the property a-going, and preserving its value, up to the time of the receivership, and to leave out those which had been allowed to become mere debts. The claims on this list of July 5th appear to come fully within the terms of the original order, except that some—like, for example, those specified as in vouchers Nos. 1,184, 1,905, and 2,401, which, from the dates and nature of the services, would not be likely to mature within the six months—probably came into the list by mistake. The restraining order should, in this view, be so modified as to allow the payment of the same per cent. of such of the claims on this list of July 8th as, upon review by the receivers, shall appear, by the terms upon which they were furnished, not to have matured till within the six months, as upon those furnished within that time. The specific claims

for cars destroyed would fall within the description of those for damages in the original order, which remains in force as to these, except as stayed for the reasons already mentioned. The cars destroyed in the operation of the roads were materials furnished for the purpose of operating them, and they come within the description of materials furnished, and paying for them appears to be paying operating expenses. The payment for detectives to prevent loss is of the same nature as payment for insurance to recover for loss, objection to which is waived. As to the claims in vouchers Nos. 1,805, 3,516, and 3,987, to which there appear to be offsets of about the same or greater amounts, the set-offs should apparently be allowed to be made, and the balances be collected. The money in vouchers Nos. 3,892 and 3,894, paid by a station agent for overcharges on freight, should have been taken out when he turned over the money in his hands, and should be returned now. The money in No. 3,910, received for corn sold, would seem to be held in trust, and it should be restored.

Many objections have been, with much fairness, waived by counsel, on explanation, and these considerations appear to cover all the rest, except No. 3, for a retainer of counsel in matters not appearing to be connected with the operation of the roads, and Nos. 4,346 and 7,107, for the assessments of a railroad association, which do not appear to fall within the description of operating or preserving expenses of the property.

Objections overruled, except as to claims for supplies that matured before September 20, 1895, and those specified in vouchers Nos. 3, 4,346, and 7,107.